UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:21-cv-1287 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, | |
| Defendant. | |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 22, 2022, a self-styled civil rights complaint filed by plaintiff – <u>Foster v. The State Department of State Hospitals</u>, No. 2:21-cv-1286 CKD P ("<u>Foster I</u>") – was docketed in this court. On the same day, a second self-styled civil rights complaint filed by plaintiff was docketed under the instant case number ("<u>Foster II</u>"). ECF No. 1.

////

////

---

[1] Plaintiff has yet to file an application to proceed in forma pauperis or, in the alternative, to pay the filing fee. In addition, the complaint filed in the instant case has not been screened.

1

Although the two complaints name different defendants in their titles,[2] a comparison of the pleadings reveals that they are virtually identical in content. Compare Foster I, ECF No. 1, with Foster II, ECF No. 1. Specifically, both allege in part that the entity defendants have violated what appears to be a lower court order directing the State to place defendants in state mental hospitals within a twenty-eight-day period. See generally Foster I, ECF No. 1 at 2; see also Foster II, ECF No. 1 at 2.

A plaintiff generally has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants. See Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). Given that both matters: (1) involve the same parties and are based on the same claims; (2) involve the same events, and (3) involve the same questions of fact and law, the undersigned finds that these two actions are related within the meaning of Local Rule 123 and that it would require a substantial duplication of labor if the actions were heard by different judges. See Local Rule 123(a)(1)-(4). Therefore, in the interests of judicial economy, it will be recommended that this action be reassigned to the judge in the earlier-filed Foster I. See Local Rule 123(c).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. This matter be found to be RELATED to the earlier-filed Foster v. The State Department of State Hospitals, No. 2:21-cv-1286 CKD P within the meaning of Local Rule 123(a)(1)-(4), and

2. Pursuant to Local Rule 123(c), that this matter be REASSIGNED to the judge presiding over Foster v. The State Department of State Hospitals, No. 2:21-cv-1286 CKD P.

////

---

[2] Foster I names "The State Department of State Hospitals" as its defendant (see Foster I, ECF No. 1 at 2), and Foster II names "State of CA. Dept. of Developmental Services" as its defendant (see Foster II, ECF No. 1 at 2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE