UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:21-cv-01287-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II.     Allegations in the Complaint

At the time of filing the complaint, plaintiff was a pretrial detainee confined at the Sacramento County Main Jail. Plaintiff alleges that his "state mental hospital assessment is unpermitted, unwarranted and unauthorized by a presiding judge" and has resulted in his unnecessary incarceration beyond the 28 day deadline for transferring him to a mental hospital violating his right to a speedy trial. ECF No. 1 at 2. He names the State Department of Developmental Services as the only defendant in this civil action seeking compensatory damages.

### III.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

/////

**A. Linkage Requirement**

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

**B. Eleventh Amendment**

In his complaint plaintiff has named the Department of State Hospitals as the defendant. However, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

**C. Habeas Versus § 1983 Action**

Plaintiff has filed a § 1983 action challenging his ongoing confinement based on an asserted speedy trial violation. However, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Additionally, a federal habeas corpus action is only available once plaintiff has been convicted and has exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1)(A).

**IV.     Analysis**

The court has reviewed plaintiff's complaint and finds that it seeks monetary relief from a defendant who is immune from suit and fails to state a claim upon which relief can be granted. In

the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the Department of Developmental Services are barred by the Eleventh Amendment and must be dismissed. Even if plaintiff had identified a proper defendant, his claims for relief are not cognizable in the present civil rights action because he appears to be challenging the legality of his ongoing incarceration which is only appropriate in a habeas corpus petition. For all these reasons, plaintiff's complaint must be dismissed. For all these reasons, the undersigned recommends dismissing plaintiff's complaint.

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

It appears to the court that amendment of this case would be futile because the claims against defendant are barred by the Eleventh Amendment and because they are not cognizable in the present civil rights action. Therefore, the undersigned recommends that these claims be dismissed without leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### V.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that the claims against the defendant are barred by the Eleventh Amendment and do not state a claim for relief in a civil rights action. It is recommended that your complaint be dismissed because these problems

are not fixable.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 4) is denied as unnecessary.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend; and,

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 16, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/fost1286.F&R.docx